IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ASHLEY C. GUERDAN and
CATHERINE E. GUERDAN                                                         PLAINTIFFS

vs.                                          CIVIL ACTION No.: 3:23-CV-556-HTW-LGI
                                             Consolidated with CA No.: 3:22-CV-144-HTW-LGI

COMMUNITY BANK OF MISSISSIPPI, et al                                         DEFENDANTS

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

BEFORE THIS COURT is Plaintiffs' Motion to Remand [ECF No. 23], seeking to return this case to the Circuit Court of Hinds County, First Judicial District. Defendants PennyMac Loan Services, LLC ("PennyMac") and Caliber Home Loans, Inc. ("Caliber") oppose the motion, asserting fraudulent joinder of nondiverse defendants. Having reviewed the parties' submissions, applicable law, and the record, the Court finds that Plaintiffs' Motion to Remand should be DENIED[1].

**I.      BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of a complex real estate transaction and subsequent insurance dispute. Plaintiffs Ashley C. and Catherine E. Guerdan, residents of Mississippi, sought to purchase a historic home in Terry, Mississippi. They engaged the services of real estate agents Linda and Brad Burleson ("the Burlesons"), affiliated with Ulist LLC. Plaintiffs allege that, at the recommendation of the Burlesons, they obtained financing through Community Bank of Mississippi ("CBM"), with loan officer Jason Sykes ("Sykes") handling the mortgage process.

---

[1] On March 20, 2024, this matter was consolidated with Civil Action No. 3:22-cv-144-HTW-LGI ("Guerdan I"). This Court already had denied the Plaintiffs' request for remand in Guerdan I on March 21, 2023 [See ECF No. 54 in Guerdan I].

1

According to Plaintiffs, they relied on Sykes' assurances that their mortgage payments would include insurance coverage for all hazards, including windstorm damage. The home purchase was finalized in May 2018, and Plaintiffs assert they were never provided with a copy of their homeowner's insurance policy before suffering a total loss when a windstorm destroyed the home in April 2023.

Following the loss, Plaintiffs discovered that their insurance policy, procured through M.B.I. Holdings, LLC ("MBI") and agent Michael Bishop ("Bishop"), allegedly did not cover windstorm damage. Plaintiffs claim that Sykes, CBM, Bishop, and MBI engaged in fraudulent misrepresentations, failing to secure adequate insurance coverage despite explicit assurances to the contrary. They further contend that PennyMac and Caliber, the loan servicers, imposed force-placed insurance on the property after the loss, exacerbating their financial hardship.

On April 21, 2023, Plaintiffs filed suit in the Circuit Court of Hinds County, First Judicial District, asserting claims of fraud, breach of fiduciary duty, breach of contract, negligence, and deceptive business practices against multiple defendants, including nondiverse parties CBM, Sykes, MBI, Bishop, Ulist LLC, and the Burlesons.

On August 25, 2023, PennyMac removed the case to this federal court, asserting diversity jurisdiction under Title 28 U.S.C. § 1332[2]. Plaintiffs moved to remand, arguing that removal was untimely under 28 U.S.C. § 1446(b) and that the presence of nondiverse defendants destroyed diversity jurisdiction. Defendants counter that the nondiverse defendants were fraudulently joined to defeat federal jurisdiction and therefore should be disregarded.

---

[2] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
28 U.S.C.A. § 1332 (West)

On December 4, 2023, Plaintiffs filed a Reply Brief [ECF No. 61], wherein Plaintiffs conceded that PennyMac's removal was timely. They still contend, however, that the removal is improper because of the presence of nondiverse defendants.

On March 24, 2024, United States Magistrate Judge LaKeysha Greer Isaac consolidated the matter sub judice with *Ashley C. Guerdan and Catherine E. Guerdan* v. *State Auto Insurance Company*, et al., Case No. 3:22-cv-144-HTW-LGI ("Guerdan I"), which case currently is pending before this Court. In doing so, the Magistrate Judge found that both matters involve the same set of facts, and contain common questions of fact. Further, the parties in both Guerdan I and the instant action ("Guerdan II") are nearly identical, as Plaintiffs name nine[3] of the same defendants, to wit: (1) Community Bank of Mississippi; (2) Jason Sykes, individually and as agent of State Automobile, Meridian Security Insurance Company, and Community Bank; (3) M.B.I. Holdings, LLC, f/k/a M.B.I. Group, LLC; (4) Michael Bishop, individually and as an agent of M.B.I. Holdings, LLC, and adult resident citizen of Mississippi; (5) Ulist LLC; (6) Linda Burleson, individually and as agent of Ulist LLC; (7) Brad Burleson, individually and as agent of Ulist LLC; (8) Caliber Home Loans, Inc.; (9) Pennymac Loan Services, LLC.

## II.     LEGAL STANDARD

Federal courts operate under the principle of limited jurisdiction and must ensure compliance with statutory jurisdictional requirements. Under 28 U.S.C. § 1332(a), federal jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. The doctrine of fraudulent joinder prevents plaintiffs from defeating diversity jurisdiction by naming nondiverse defendants against whom they have no reasonable claims. See *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

---

[3] Plaintiffs have omitted Defendants State Automobile Mutual Insurance Company and Meridian Security Insurance Company from the Guerdan II action.

To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) that the plaintiff has no possibility of establishing a claim against the nondiverse defendant in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The burden is substantial, requiring the removing party to show that "no reasonable basis" exists for predicting that state law might impose liability on the nondiverse defendant. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Courts must resolve all doubts regarding jurisdiction in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

### III.    DISCUSSION

#### A. Timeliness of Removal

Plaintiffs have conceded this issue; however, this Court highlights some relevant points related to removal below.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of receiving the initial pleading, or an "other paper" from which removability can be ascertained. Plaintiffs argue that PennyMac received a copy of the Complaint on May 5, 2023, making the August 25, 2023 removal untimely.

Defendants contend, contrariwise, that removability was not clear until the filing of Plaintiffs' Amended Complaint, which clarified allegations against the nondiverse defendants. The Amended Complaint added detailed allegations regarding the specific roles and actions of each defendant, particularly emphasizing the alleged fraudulent misrepresentations made by Sykes and CBM regarding the inclusion of windstorm coverage in Plaintiffs' mortgage escrow payments. Additionally, the Amended Complaint contained new assertions about PennyMac's and Caliber's

4

conduct in force-placing insurance on the property, as well as expanded claims about the financial and emotional distress suffered by Plaintiffs as a result of the alleged misconduct.

The Fifth Circuit has recognized that a new 30-day removal window opens when an amended pleading first makes the case removable. See *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 492 (5th Cir. 1996). Courts routinely have held that the removal clock does not begin to run until a defendant receives a pleading or document that clearly establishes federal jurisdiction. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Moreover, the mere receipt of the initial complaint does not automatically trigger the 30-day period if the grounds for removal are not clear on the face of the pleading. This standard requires "unequivocally clear and certain" evidence that the case is removable. See *Morgan v. Huntington Ingalls*, Inc., 879 F.3d 602, 608 (5th Cir. 2018). Given that the Amended Complaint contained additional details that clarified removability, PennyMac's removal was well within the statutory timeframe.

Finally, as stated above, this matter has been consolidated for all purposes, including trial with Guerdan I. This Court already has dismissed the fraudulently joined parties in that matter, and denied remand [ECF No. 54]. In order to preserve its case record, however, this Court again analyzes the fraudulent joinder argument below.

### B. *Fraudulent Joinder*

Plaintiffs allege that Sykes and CBM misrepresented the scope of their insurance coverage and engaged in predatory lending practices. Mississippi law, however, does not recognize a fiduciary relationship between a lender and a borrower absent special circumstances[4]. See

---

[4] A fiduciary relationship "arises only if the activities of both parties goes beyond each party operating on its own behalf, and if the activity is for the benefit of both. *Carter Equip. Co. v. John Deere Indus. Equip. Co.,* 681 F.2d 386, 391 (5th Cir.1982). A fiduciary relationship "may arise in a legal, moral, domestic, or personal context, where

*Hopewell Enters., Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 816 (Miss. 1996). Plaintiffs' allegations, even if true, do not establish the type of special relationship required to impose a fiduciary duty on CBM or Sykes.

Plaintiffs' claims against Bishop and MBI for failure to procure adequate insurance also fail under Mississippi law. Plaintiffs claim that they intended to obtain an "all-perils policy" from these Defendants, instead of the policy they obtained, which covered only fire loss. [ECF No. 3-1]. Under Mississippi law, insured parties have a duty to read their policies and cannot claim fraud when the alleged misrepresentation contradicts written terms. See *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003).

Plaintiffs had access to their policy and were provided same through their insurer's electronic portal, no later than June 7, 2018. [See Guerdan I, ECF No. 78]. When provided a copy of an insurance policy, insureds, such as Plaintiffs herein, have "an affirmative duty to read an insurance policy." *Mutual of Omaha Ins. Co. v Driskell,* 293 So.3d 261, 264 (Miss. 2020). Insureds, further, are imputed with knowledge of the contents of their insurance policy, regardless of whether they have read the policy. *Mladiuea v Schmidt*, 52 So.3d 1154, 1161 (Miss. 2010). This is known as the "duty to read" or "imputed knowledge" doctrine, and it is "firmly rooted in Mississippi's precedent." *Bell v.Certain Underwriters at Llyod's of London*, 200 So.2d 447,452 (Miss. Ct. App. 2016) (internal citations omitted). Accordingly, Plaintiffs' negligent procurement claims fail under Mississippi law.

Because Plaintiffs fail to establish viable claims against any of the nondiverse defendants, this Court reiterates [See ECF No. 100] that their joinder was fraudulent. *Smallwood*, 385 F.3d at 573.

---

there appears on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed." *Miner v. Bertasi,* 530 So.2d 168, 170 (Miss.1988). No such relationship exists here.

6

## IV. CONCLUSION

This Court finds that it has diversity subject matter jurisdiction over this matter, as removal was timely and Plaintiffs fraudulently joined the following nondiverse defendants: Jason Sykes; Michael Bishop; Linda Burleson; Brad Burleson; Community Bank of Mississippi; M.B.I. Holdings, LLC; and Ulist LLC. These defendants are hereby DISMISSED from this action.

Accordingly, Plaintiffs' Motion to Remand is **DENIED**. This matter shall proceed under the consolidated case, 3:23-cv-144-HTW-LGI.

**SO ORDERED this the 20th day of March, 2025.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**