**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

ASHLEY C. GUERDAN and
CATHERINE E. GUERDAN                                                      PLAINTIFFS

vs.                                    CIVIL ACTION No.: 3:23-CV-556-HTW-LGI
                                       Consolidated with CA: 3:22-CV-144-HTW-LGI

COMMUNITY BANK OF MISSISSIPPI, et al                              DEFENDANTS

**ORDER**

BEFORE THIS COURT are two Motions to Dismiss [ECF Nos. 13 and 21], filed by Defendants PennyMac Loan Services, LLC ("PennyMac") and Caliber Home Loans, Inc. ("Caliber"). Plaintiffs Ashley and Catherine Guerdan oppose these motions.. Having reviewed the parties' submissions, applicable law, and the record, the Court finds that Defendants' Motions should be DENIED for the reasons stated below.

## I. BACKGROUND

This case arises from Plaintiffs' purchase of a home in May 2018 and the subsequent denial of their insurance claim following storm-related damages in April 2020. Plaintiffs allege they were steered into a fraudulent mortgage scheme involving Defendant Community Bank of Mississippi ("CBM"), loan officer Jason Sykes, real estate professionals Brad and Linda Burleson, and insurance agent Michael Bishop, among others. Plaintiffs claim they were misled into believing their home was insured against all perils, including wind damage.

1

Plaintiffs originally intended to finance their home through another lender but allegedly were pressured by Defendants to use CBM. They contend that Sykes assured them he would "take care of everything" regarding the insurance policy, ensuring their home was fully covered. Plaintiffs later discovered that the insurance policy procured by CBM through Michael Bishop did not include wind coverage. When a severe storm caused a tree to fall on their home, their insurer, State Auto/Meridian, denied the claim, citing the wind exclusion.

Caliber became the loan servicer in June 2018, followed by PennyMac in July 2019. Plaintiffs assert that both entities continued to escrow payments for an insufficient insurance policy and failed to notify them of its limitations. They also accused PennyMac of force-placing excessive insurance on the uninhabitable property, thereby increasing Plaintiffs' mortgage payment beyond affordability.

Plaintiffs originally filed suit in state court, but PennyMac removed the case to this federal court. Plaintiffs have challenged the removal, arguing that the case should be remanded due to procedural defects.

## II. JURISDICTION AND CHOICE OF LAW

The Court has subject matter jurisdiction under 28 U.S.C. § 1332[1], as complete diversity exists among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In diversity cases, federal courts apply state substantive law pursuant to *Erie Railroad Co.*

---

[1] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
28 U.S.C.A. § 1332 (West)

*v. Tompkins*, 304 U.S. 64 (1938). The *Erie* doctrine commands a federal court sitting in diversity to apply the substantive law of the state in which it sits. Accordingly, Mississippi law governs the substantive issues in this case.

Furthermore, under Mississippi's choice-of-law principles, courts must apply the law of the state with the most significant relationship to the dispute, which in this case is Mississippi's, as the property, transactions, and alleged misconduct all occurred within the state. Plaintiffs have also challenged the propriety of removal and sought remand, which remains pending.

### III.  LEGAL STANDARD

Defendants seek dismissal under Rule 12(b)(6)[2] of the Federal Rules of Civil Procedure, which requires the Court to assess whether Plaintiffs have stated a claim upon which relief can be granted. To survive dismissal, Plaintiffs' complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mississippi law recognizes claims for fraud, negligent misrepresentation, breach of contract, and bad faith in insurance disputes. See *Skrmetti v. Meridian Security Ins. Co.*, 250 So. 3d 486 (Miss. 2018) (holding that insurers may be liable for misrepresenting policy coverage); *U.S. Bank Nat'l Ass'n v. Shepherd*, 202 F. Supp. 3d 852 (S.D. Miss. 2016) (noting that mortgage servicers have an obligation to handle escrow accounts in good faith).

---

[2] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
28 U.S.C.A. § 1332 (West)

# IV. ARGUMENTS AND ANALYSIS

### A. Claims Against PennyMac

Plaintiffs assert PennyMac violated Mississippi Code Ann. § 81-18-55(1)(c)[3] by force-placing excessive insurance on a home that was a total loss, increasing their mortgage payment beyond their means. Plaintiffs argue this conduct constitutes negligence per se and breach of the duty of good faith and fair dealing.

The Fifth Circuit recognizes that violations of regulatory statutes, while not necessarily creating private rights of action, can serve as evidence of negligence. *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231, 1238 (5th Cir. 1982). Plaintiffs plausibly allege PennyMac's actions were unlawful and caused them financial and emotional distress, making dismissal inappropriate at this stage.

### B. Claims Against Caliber

Caliber argues that it was not involved in the loan origination or insurance procurement and merely serviced Plaintiffs' mortgage for a limited period. However, Plaintiffs, however, allege Caliber continued escrowing insurance premiums under Plaintiffs' mistaken assumption their home was fully insured. Mississippi law imposes a duty of good faith on mortgage servicers. *Am.*

---

[3](1) In addition to the activities prohibited under other provisions of this chapter, it shall be unlawful in the course of any residential mortgage loan transaction:

> c) For a mortgage lender to place hazard, homeowners or flood insurance on a mortgaged property for an amount that exceeds either the value of the insurable improvements or the last-known coverage amount of insurance;...

Miss. Code Ann. § 81-18-55 (West)

*Bankers' Ins. Co. v. Wells*, 819 So. 2d 1196 (Miss. 2001). While Caliber's role appears limited, the claim's factual disputes warrant discovery.

Additionally, under *Griffin v. HSBC Mortg. Servs., Inc.*, 2016 WL 1090578 (S.D. Miss. 2016), courts have held that servicers may be held liable if they negligently manage escrow accounts, particularly when they continue to pay for inadequate insurance policies. Plaintiffs have alleged sufficient facts to raise questions regarding whether Caliber had a duty to notify them of any deficiencies in the policy.

## V. CONCLUSION

For the reasons stated, the motions to dismiss by PennyMac and Caliber **[ECF Nos. 13 and 21]** are both **DENIED**. The case shall proceed to discovery.

**SO ORDERED this the 20th day of March, 2025.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**